UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS PERSAUD, | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| -against- | Jury Trial Demanded |
| NAMEOKE 1 LLC, NAMEOKE EQUITIES LLC, NAMEOKE HOLDINGS LLC, NAMEOKE LLC, NAMEOKE REALTY CO., INC., SUPREME PLUS GROUP REALTY CORP, DAVID DECTER, TZUI HARRY FRENKEL, EDWARD FRIEDMAN, STEVEN GREENBAUM, MILA LIVSHITZ and MARK WEISSMAN, | |
| Defendants. | |

Plaintiff, by his attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1. Plaintiff worked for Defendants as a doorman at Nameoke Court Condominium, located in the County of Queens, State of New York, from on or about February 11, 2011 through August 7, 2016.

2. Plaintiff brings this action against Defendants for Defendants' failure to pay the required minimum wage, overtime wages, spread of hour wages, failure to provide proper statements with each payment of wages and failure to provide Wage Theft Prevention Act ("WTPA") notifications in violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

3. During his employment, Plaintiff worked for Defendants an average of fifty-seven (57) hours per week greeting tenants and visitors. Irrespective of the number of hours he worked

1

per week, Plaintiff was paid a flat weekly salary that ranged from $406.00 to $446.25 per week and was not paid the applicable minimum wage rate, overtime wages or spread of hour wages.

## PARTIES

4. Plaintiff was and still is a resident of the County of Kings, State of New York.

5. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

6. At all relevant times, the premises located at 10-11 Nameoke Street, Queens, New York 11691, was and still is known as "Nameoke Court Condominium".

7. Defendant Nameoke 1 LLC was and still is a domestic limited liability corporation organized and existing by virtue of the laws of the State of New York.

8. Defendant Nameoke 1 LLC was and still is the owner and/or operator of Nameoke Court Condominium.

9. Defendant Nameoke Equities LLC was and still is a domestic limited liability corporation organized and existing by virtue of the laws of the State of New York.

10. Defendant Nameoke Equities LLC was and still is the owner and/or operator of Nameoke Court Condominium.

11. Defendant Nameoke Holdings LLC was and still is a domestic limited liability corporation organized and existing by virtue of the laws of the State of New York.

12. Defendant Nameoke Holdings LLC was and still is the owner and/or operator of Nameoke Court Condominium.

13. Defendant Nameoke LLC was and still is a domestic limited liability corporation organized and existing by virtue of the laws of the State of New York.

14. Defendant Nameoke LLC was and still is the owner and/or operator of Nameoke Court Condominium.

15. Defendant Nameoke Realty Co., Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

16. Defendant Nameoke Realty Co., Inc. was and still is the owner and/or operator of Nameoke Court Condominium.

17. Defendant Supreme Plus Group Realty Corp was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

18. Defendant Supreme Plus Group Realty Corp was and still is the owner and/or operator of Nameoke Court Condominium.

19. Defendant David Decter was and still is a resident of the State of New York.

20. Defendant David Decter was and still is the owner and/or operator of Nameoke Court Condominium.

21. Defendant David Decter was and still is in active control and management of corporate Defendants, regulates the employment of persons employed by corporate Defendants, acts directly and indirectly in the interest of the corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

22. Defendant David Decter is one of the ten largest shareholders of corporate Defendants, and is individually responsible for unpaid wages under the New York Business Corporation Law § 630.

23. Defendant Harry Frenkel was and still is a resident of the State of New York.

24. Defendant Harry Frenkel was and still is the owner and/or operator of Nameoke Court Condominium.

25. Defendant Harry Frenkel was and still is in active control and management of corporate Defendants, regulates the employment of persons employed by corporate Defendants, acts directly and indirectly in the interest of the corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

26. Defendant Harry Frenkel is one of the ten largest shareholders of corporate Defendants, and is individually responsible for unpaid wages under the New York Business Corporation Law § 630.

27. Defendant Edward Friedman was and still is a resident of the State of New York.

28. Defendant Edward Friedman was and still is the owner and/or operator of Nameoke Court Condominium.

29. Defendant Edward Friedman was and still is in active control and management of corporate Defendants, regulates the employment of persons employed by corporate Defendants, acts directly and indirectly in the interest of the corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

30. Defendant Edward Friedman is one of the ten largest shareholders of corporate Defendants, and is individually responsible for unpaid wages under the New York Business Corporation Law § 630.

31. Defendant Steven Greenbaum was and still is a resident of the State of New York.

32. Defendant Steven Greenbaum was and still is the owner and/or operator of Nameoke Court Condominium.

33. Defendant Steven Greenbaum was and still is in active control and management of corporate Defendants, regulates the employment of persons employed by corporate Defendants, acts directly and indirectly in the interest of the corporate Defendants in relation to the employees,

and is thus an employer of Plaintiff under the FLSA and NYLL.

34. Defendant Steven Greenbaum is one of the ten largest shareholders of corporate Defendants, and is individually responsible for unpaid wages under the New York Business Corporation Law § 630.

35. Defendant Mila Livshitz was and still is a resident of the State of New York.

36. Defendant Mila Livshitz was and still is the owner and/or operator of Nameoke Court Condominium.

37. Defendant Mila Livshitz was and still is in active control and management of corporate Defendants, regulates the employment of persons employed by corporate Defendants, acts directly and indirectly in the interest of the corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

38. Defendant Mila Livshitz is one of the ten largest shareholders of corporate Defendants, and is individually responsible for unpaid wages under the New York Business Corporation Law § 630.

39. Defendant Mark Weissman was and still is a resident of the State of New York.

40. Defendant Mark Weissman was and still is the owner and/or operator of Nameoke Court Condominium.

41. Defendant Mark Weissman was and still is in active control and management of corporate Defendants, regulates the employment of persons employed by corporate Defendants, acts directly and indirectly in the interest of the corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

42. Defendant Mark Weissman is one of the ten largest shareholders of corporate Defendants, and is individually responsible for unpaid wages under the New York Business Corporation Law § 630.

43. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, employed the Plaintiff.

## JURISDICTION AND VENUE

44. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

45. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

46. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct a substantial amount of business within this judicial district.

## FACTS

47. Nameoke Court Condominium, located at 10-11 Nameoke Street, Queens, New York 11691 (hereinafter referred to as "Nameoke"), is six story mid-rise building containing approximately sixty-five apartments.

48. Plaintiff worked at Nameoke as a doorman from February 11, 2011, through August 17, 2016.

49. As a doorman, Plaintiff's duties, included, without limitation, greeting tenants and visitors, directing visitors to sign in at the front desk, taking out garbage and performing security

checks of the building each hour.

50. Throughout his employment, Plaintiff worked between 7:00 a.m. and 7:00 p.m., Monday through Saturday, for a range of forty-two (42) to seventy-two (72) hours per week, and an average fifty-seven (57) hours per week.

51. Plaintiff did not take lunch breaks during his employment.

52. During his employment, Plaintiff was paid the following hourly and flat salary rates:

- 2011 - $7.25 per hour;
- 2012 - $406.00 per week;
- 2013 - $464.00 per week;
- 2014 - $420.75 per week;
- 2015 - $446.25 per week; and
- 2016 - $437.50 per week.

53. Throughout his employment, Plaintiff was paid the foregoing hourly and salary rates irrespective of the number of hours he worked per week.

54. At all relevant times, Defendant David Decter was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for the workers and Plaintiff at Nameoke.

55. At all relevant times, Defendant Tzui Harry Frenkel was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for the workers and Plaintiff at Nameoke.

56. At all relevant times, Defendant Edward Friedman was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for

the workers and Plaintiff at Nameoke.

57. At all relevant times, Defendant Steven Greenbaum was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for the workers and Plaintiff at Nameoke.

58. At all relevant times, Defendant Mila Livshitz was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for the workers and Plaintiff at Nameoke.

59. At all relevant times, Defendant Mark Weissman was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for the workers and Plaintiff at Nameoke.

60. At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

61. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

62. Plaintiff was required to be paid a minimum wage rate of (a) $7.25 per hour for all hours worked from January 1, 2010 through December 30, 2013; (b) $8.00 per hour from December 31, 2013 through December 30, 2014, (c) $8.75 per hour from December 31, 2014 through December 30, 2015; and (d) $9.00 per hour from December 31, 2015 through present, pursuant to NYLL § 652.

63. Defendants regularly failed to pay Plaintiff the applicable minimum wage throughout his employment in violation of the FLSA and NYLL.

64. Plaintiff was entitled to be paid at least one and one-half of his respective regular rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

65. Throughout his employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

66. At no time during his employment was Plaintiff paid one and one-half times Plaintiff's regular hourly work rate for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

67. Throughout his employment, Plaintiff worked shifts in excess of ten (10) hours per day and was entitled to receive spread of hours wages.

68. Throughout his employment, Plaintiff was not paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of the NYLL and NYCRR.

69. At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

70. At all relevant times, Plaintiff was entitled to Wage Theft Prevention Act notifications.

71. At no time during his employment was Plaintiff provided with wage statements and WTPA notifications.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Minimum Wage under the FLSA*)

72. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

73. At all relevant times, Defendants were subject to the minimum wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

74. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

75. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

76. At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

77. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

78. At all relevant times, Defendants were required to pay Plaintiff a rate of $7.25 per hour from January 1, 2013 through present pursuant to 29 U.S.C. § 206(a).

79. Defendants have engaged in a policy and/or practice of failing to pay Plaintiff the applicable minimum wage for the hours Plaintiff was required to work.

80. Defendants have violated 29 U.S.C. § 206(a) by failing to compensate Plaintiff the applicable minimum hourly wage.

81. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants

all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216.

82. Defendants willfully, knowingly and intentionally have failed to compensate Plaintiff the required minimum wage.

83. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

84. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
(*Minimum Wage under the NYLL*)

85. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

86. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

87. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of NYLL §§ 190, 651 and 652.

88. At all relevant times, Defendants were required to pay Plaintiff at least a minimum wage rate of (a) $7.25 per hour for all hours worked from January 1, 2010 through December 30, 2013; (b) $8.00 per hour from December 31, 2013 through December 30, 2014, (c) $8.75 per hour from December 31, 2014 through December 30, 2015; and (d) $9.00 per hour from December 31, 2015 through present, pursuant to NYLL § 652.

89. Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiff the applicable minimum wage for the hours they required Plaintiff to work.

90. Defendants have violated NYLL § 652 by failing to compensate Plaintiff the applicable minimum hourly wage.

91. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

92. Defendants willfully, knowingly and intentionally have failed to compensate Plaintiff the required minimum wage.

93. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

94. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime under the FLSA)*

95. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

96. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

97. Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout his employment.

98. At no time have the Defendants paid Plaintiff a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

99. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours a week.

100. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

101. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

### **AS AND FOR THE FOURTH CAUSE OF ACTION**
*(Overtime under the NYLL)*

102. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

103. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

104. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

105. Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout his employment.

106. At no time have the Defendants paid Plaintiff a rate of one and one-half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

107. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours a week.

108. As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

109. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Spread of Hours under the NYLL)*

110. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

111. At all relevant times, Plaintiff was required to work in excess of ten (10) hours in a workday.

112. Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, pursuant to the NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

113. Defendants failed to pay Plaintiff the spread of hour wages to which he was entitled

under NYLL.

114. Defendants' failure to pay Plaintiff his lawfully due spread of hour wages was a willful violation of NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

115. Pursuant to NYLL § 198, Plaintiff is entitled to recovery of full payment of unpaid spread of hour wages, an additional amount equal thereto in liquidated damages, prejudgment interest, attorney's fees, and costs and disbursements of this action.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

116. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

117. At all relevant times, Defendants failed to provide Plaintiff with the proper statements with every payment of wages, as required by NYLL § 195(1).

118. As Defendants failed to provide Plaintiff with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney fees and costs.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notification Under the NYLL § 195(3))*

119. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

120. Defendants were obligated to provide Plaintiff with Wage Theft Prevention Act notifications of pay rates beginning upon the commencement of his employment since 2011 and annually from 2012-2014.

121. At all relevant times, Defendants failed to provide Plaintiff with the Wage Theft Prevention Act notifications, as required by NYLL § 195(1).

122. As Defendants failed to provide Plaintiff with proper Wage Theft Prevention Act Notices, annually from 2012 to 2014 and upon the commencement of their employment from 20011 to the present as required by NYLL § 195, Plaintiff is entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00 per individual, along with all reasonable attorney fees and costs.

**WHEREFORE**, Plaintiff seeks the following relief:

A. On the First Cause of Action on behalf of Plaintiff against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiff against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all

reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiff against Defendants, for all spread of hour wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Sixth Cause of Action on behalf of Plaintiff against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. On the Seventh Cause of Action on behalf of Plaintiff against Defendants for failing to provide Wage Theft Prevention Act Notices in an amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

H. Interest;

I. Costs and disbursements; and

J. Such other and further relief as is just and proper.

Dated: Melville, New York
December 9, 2016

                                          Respectfully submitted,
                                          SLATER SLATER SCHULMAN LLP

                                          By: /s/_____
                                          Matthew Madzelan, Esq.
                                          Attorneys for Plaintiff
                                          445 Broad Hollow Road, Suite 334
                                          Melville, New York 11747
                                          (631) 420-9300